IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08-00736 HG-01 |
| | ) | Civ. No. 16-cv-00206 HG-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRONSON MCSHANE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT BRONSON MCSHANE'S MOTION FOR RELEASE ON
BAIL (ECF NO. 126)**

Defendant Bronson McShane has filed a Motion for Release on
Bail (ECF No. 126) pending the resolution of his claim under 28
U.S.C. § 2255 that his sentence is unconstitutional pursuant to
<u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) and <u>Descamps v.
United States</u>, 133 S.Ct. 2276 (2013).

Defendant's Motion for Release on Bail (ECF No. 126) is
**DENIED.**

**<u>BACKGROUND</u>**

On April 8, 2009, a grand jury returned a Superseding
Indictment charging Defendant Bronson McShane as follows:

**Count 1** for conspiracy to commit a Hobbs Act Robbery and
commission of a Hobbs Act Robbery, in violation of 18 U.S.C. §§

1

2, 1951.  As to Count 1, the Superseding Indictment stated:

> [T]he defendants did conspire to obtain **and did obtain** property belonging to Leilani Lounge consisting of United States currency and a cash register, from the person and in the presence of T.Y., who was the owner of Leilani Lounge, which was engaged in interstate commerce, against T.Y.'s will by means of actual and threatened force, violence, and fear of injury, immediate and future, on T.Y.

> (Superseding Indictment on p. 2, ECF No. 24) (emphasis

added).

**Count 2** for use of a firearm during and in relation to a

crime of violence, a violation of 18 U.S.C. §§ 2,

924(c)(1)(B)(i).  As to Count 2, the Superseding Indictment

stated:

> On or about November 10, 2008, in the District of Hawaii, the defendant, BRONSON MCSHANE and his unindicted co-defendant knowingly used, carried, and brandished a firearm, to wit: a short-barreled shotgun, during and in relation to a crime of violence, to wit: a Hobbs Act Robbery as charged in Count 1 of this Indictment.

> (Superseding Indictment on pp. 2-3, ECF No. 24).

On June 18, 2009, Defendant McShane pled guilty before a

Magistrate Judge to Counts 1 and 2 of the Superseding Indictment.

(ECF No. 46).  There was no plea agreement.

The Government recited the facts to the crime at the change

of plea hearing as follows:

> AUSA CHING: Specifically, with regard to the facts, the government would prove beyond a reasonable doubt that on or about November 10th, 2008, at about 1:23 in the morning, the defendant -- co-defendant Aaron Malama, an unindicted

2

co-defendant, robbed the Leilani Lounge, a
commercial liquor establishment within the
District of Hawaii...Defendant [McShane] wore a
white mask and was armed with a knife.  The
unindicted co-defendant was wearing a dark colored
mask and was armed with a short-barreled shotgun.

There was only one patron in the bar at the
time and when Mr. McShane and the unindicted --
when, excuse me, Mr. McShane and the unindicted
co-defendant entered the bar, Mr. McShane pushed
the patron to the ground and the patron
immediately complied.  Mr. McShane then directed
his attention to a -- the owner of the bar and he
dragged the owner by the hair moving her several
feet to get her closer to the cash register.

When the keys were not produced, the
unindicted co-defendant ripped the cash register
from the counter area and both Mr. McShane and the
unindicted co-defendant ran out of the bar with
the cash register which contained U.S. currency.

There was also a friend of the owner's who
was in the bar at the time -- or excuse me, in the
lounge at the time visiting the owner when Mr.
McShane and the unindicted co-defendant entered
the bar.  The unindicted co-defendant pointed the
short-barreled shotgun at the owner's friend and
demanded the keys for the cash register.  When the
owner's friend told the unindicted co-defendant
that she didn't work there and didn't have the
keys, the unindicted co-defendant then struck her
in the face with the short-barreled shotgun,
causing her pain and causing her to bleed from the
nose.  This injury was later diagnosed as a
fracture.

The owner, the owner's friend and the patron
were all scared at the time and threatened by both
the defendant's and the unindicted co-defendant's
actions.  The owner did not give them permission
to take the cash register or the cash from Leilani
Lounge...

Mr. McShane knew that the unindicted
co-defendant was armed with a sawed off or
short-barreled shotgun and that would -- that it
would be used as part of the robbery and that in
fact this firearm was used to hit the owner's
friend.

3

(Hearing Transcript from Change of Plea Hearing at pp. 12-14, ECF No. 130).

Defendant McShane testified at his change of plea hearing and agreed to the Government's recitation of the facts. Defendant stated the events in his own words, as follows:

> THE COURT: Okay. Mr. McShane, as to your involvement in this matter are these facts all true and correct in every respect?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Would you tell me briefly in your own words what you did?
>
> THE DEFENDANT: We pulled up to Leilani Lounge late, right before the bar closed. Hopped out of the car, walk in. I did put one guy to the ground. He complied, stayed there. Grabbed the other lady by her hair, held her down because she was resisting. I didn't want to hurt her. Didn't mean to hurt her. Just was on drugs and just high and we ended up robbing the place, grabbing the cash register and running out...
>
> THE COURT: And the gun that Mr. Ching described, that was used in the course of this as well.
>
> THE DEFENDANT: Yes, it was used and it was exactly used to hit the lady on top the nose to – by my unindicted co-defendant...Prior to the robbery I knew the firearm – we hop – I hopped out with a machete knife and he hopped out with a firearm.

(Hearing Transcript from Change of Plea Hearing at pp. 15-16, ECF No. 130).

On April 21, 2010, the Government filed the UNITED STATES' MOTION FOR §5K1.1 DOWNWARD DEPARTURE IN SENTENCING. (ECF No. 105).

4

On May 11, 2010, the Court held a sentencing hearing as to Defendant McShane.  (ECF No. 109).  The Government's Motion for a Section 5K1.1 Downward Departure was granted.  (ECF. No. 109).

Defendant was sentenced to 33 months imprisonment as to **Count 1** and 120 months imprisonment as to **Count 2** to be served consecutively.  (Judgment, ECF No. 110).

Defendant did not appeal his conviction or his sentence.

More than five years later, on June 26, 2015, the United States Supreme Court issued its opinion in <u>Johnson v. United States</u>.  The holding in <u>Johnson</u> invalidated **the Residual Clause of the Armed Career Criminal Act** of 1984, 18 U.S.C. § 924(e), finding it unconstitutionally vague.  135 S.Ct. at 2557-58.

On April 29, 2016, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  (ECF No. 125).

Defendant also filed a Motion for Release on Bail pending the resolution of his Section 2255 Motion.  (ECF No. 126).

## <u>ANALYSIS</u>

**I.   The Court Has Authority to Grant Bail Pending Its Decision on a Section 2255 Motion in Extremely Limited Circumstances**

The Bail Reform Act does not apply to prisoners seeking post-conviction relief.  <u>United States v. Mett</u>, 41 F.3d 1281, 1282 (9th Cir. 1994).

Authority does exist, however, for the proposition that federal district judges do have the inherent power to grant bail pending a decision in a Section 2255 habeas corpus proceeding. Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001).  Such power is to be used very sparingly.  Cherek, 767 F.2d at 337.

The Court recognizes that the Ninth Circuit Court of Appeals has yet to address the issue.  See In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001) (vacating a district court's grant of bail, but declining to address if the district court had the authority to release the prisoner pending resolution of his habeas motion).

All of the Circuit Courts of Appeals that have addressed the issue have found that the district court does possess the authority to grant bail pending resolution of a Section 2255 Motion.  See Hall v. S.F. Superior Court, 2010 WL 890044, at *2 (N.D. Cal. Mar. 8, 2010) (collecting cases).

Habeas corpus is an equitable remedy to be administered with flexibility.  Schlup v. Delo, 513 U.S. 298, 319 (1995); Harris v. Nelson, 394 U.S. 286, 291 (1969).  The United States Court of Appeals for the Second Circuit has found that the federal judge's power to grant bail pending the resolution of a habeas corpus motion is necessary in order to make the habeas remedy effective as law and justice require.  Mapp, 241 F.3d at 226.

The Court agrees with the Circuit Courts of Appeals and the

6

majority of District Courts in the Ninth Circuit that have found that District Courts have the authority to grant bail pending a determination of a Section 2255 Motion.  See, e.g., Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972); Mapp, 241 F.3d at 226 (2d Cir. 2001); United States v. Smith, 835 F.2d 1048, 1050 (3d Cir. 1987); United States v. Perkins, 53 Fed. Appx. 667, 669 (4th Cir. 2002); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek, 767 F.2d at 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); United States v. Read-Forbes, 628 Fed. Appx. 621, 622 (10th Cir. 2016) (citing Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981)); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969).

The Court recognizes that the authority to grant bail pending a decision on a Section 2255 Motion is limited and should be exercised sparingly.  Cherek, 767 F.2d at 337; Mapp, 241 F.3d at 226.

## II.  Standard for Granting Bail Pending Resolution of a Section 2255 Motion

Courts have considered two primary factors in evaluating a request for bail in a habeas corpus proceeding:

(1)  a high probability of success on the merits on the habeas motion, and;

(2)  exceptional or extraordinary circumstances to support release on bail.

7

Mett, 41 F.3d at 1282;  Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992).

Defendant cited the decision in Mett and the decision in Land v. Deeds, 878 F.2d 318, 318-19 (9th Cir. 1989) for the proposition that the Court should apply the test in the disjunctive.  The Mett and Deeds decisions did not analyze whether the test should be applied conjunctively or disjunctively, but rather found that the prisoners in those cases did not meet either prong of the test.  Mett, 41 F.3d at 1282; Deeds, 878 F.2d at 318.

The cases that have analyzed the test in more detail have determined that the test should be applied in the conjunctive. See Landano, 970 F.2d at 1239; Calley, 496 F.2d at 702; Martin, 801 F.2d at 329.  Both a high probability of success on the merits of the habeas motion, and exceptional or extraordinary circumstances, should be present to warrant release on bail.

The majority of District Courts in the Ninth Circuit have found it appropriate to apply the test conjunctively.  See, e.g., United States v. Lee, Crim. No. 12-00133 JMS-02, 2016 WL 1039046, *3-*4; Hall, 2010 WL 890044, *3.  Extraordinary circumstances alone would not be sufficient.

Defendant is required to demonstrate both a high probability of success in his habeas motion **and** extraordinary or exceptional circumstances in order for bail to be granted pending resolution

8

of his motion.

## III. Defendant's Section 2255 Motion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("a Section 2255 Motion"). The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute. 28 U.S.C. § 2255(f).

### A.    Defendant's Conviction Became Final on June 16, 2010

On June 2, 2010, Judgment was entered against Defendant. (ECF No. 110). Defendant did not file an appeal. On June 16, 2010, fourteen days after Judgment was entered, Defendant's conviction became final. Fed. R. App. P. 4(b); <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641, 653 (2012); <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005).

Absent some alternative start date, Defendant's time for filing a Section 2255 Motion expired on or about June 16, 2011. Defendant filed his Section 2255 Motion on April 29, 2016, nearly five years after the date when his judgment became final.

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

**B.    Defendant Committed a Crime of Violence Pursuant to the Element Clause in 18 U.S.C. § 924(c)(3)(A)**

Defendant was convicted in Count 2 of the Superseding Indictment for using a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(B)(i).

A "crime of violence" for purposes of the statute was defined as follows:

> [T]he term "crime of violence" means an offense that is a felony and–
>
> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Defendant was convicted pursuant to subsection (A) of 18 U.S.C. § 924(c)(3), the **Element Clause of a Crime of Violence**.

The Court found that Defendant committed a crime of violence when he committed a Hobbs Act Robbery by use of physical force. The Superseding Indictment, the transcript of Defendant's Change of Plea Hearing, and the Court's findings at the Sentencing Hearing demonstrate that Defendant was convicted pursuant to the **Element Clause of a Crime of Violence**.

**1.    Superseding Indictment**

A Hobbs Act Robbery is defined by statute as:

> [T]he unlawful taking or obtaining of personal property
> from the person or in the presence of another, against
> his will, by means of actual or threatened force, or
> violence, or fear of injury, immediate or future, to
> his person or property, or property in his custody or
> possession, or the person or property of a relative or
> member of his family or of anyone in his company at the
> time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Defendant was charged in Count 1 of the Superseding
Indictment for conspiracy to commit and substantively committing
a Hobbs Act Robbery in violation of 18 U.S.C. §§ 2, 1951.[2]
(Superseding Indictment at pp. 2-3, ECF No. 24).

The Superseding Indictment demonstrated that Defendant was
charged with committing the Hobbs Act Robbery by use of actual
and threatened force.  The Superseding Indictment in Count I
provided that Defendant "did conspire to obtain **and did obtain**
property belonging to Leilani Lounge...against T.Y's will by
means of **actual and threatened force, violence, and fear of
injury, immediate and future, on T.Y.**"  (Id. at p. 2) (emphasis
added).

---

[2] Count 1 of the Superseding Indictment contained two
separate offenses - conspiracy and the substantive Hobbs Act
Robbery.  The Superseding Indictment appears to be duplicitous.
An indictment is duplicitous when it joins two or more distinct
and separate offenses into a single count.  United States v.
Gordon, 844 F.2d 1397, 1400 (9th Cir. 1988).  Where, as here, the
defendant did not object to the indictment's duplicity prior to
his change of plea, the objection is waived.  See id.; United
States v. Loew, 364 Fed. Appx. 333, 335 (9th Cir. 2010).

## 2.   Change of Plea Hearing

The transcript from Defendant's Change of Plea Hearing reflected that Defendant admitted to committing a substantive Hobbs Act Robbery by use of physical force.  Defendant stated that he entered a bar wearing a mask and carrying a machete and that he used force to put a bar patron on the ground.  (Hearing Transcript from Change of Plea Hearing at pp. 15-16, ECF No. 130).

Defendant testified as to his actions, stating that he "[g]rabbed the other lady by her hair, held her down because she was resisting...we ended up robbing the place, grabbing the cash register and running out." (Id.)  Defendant also testified that he knew his co-defendant had brought a small-barreled shotgun to use to commit the robbery and acknowledged that "[the gun] was used and it was exactly used to hit the lady on top the nose." (Id.)

## 3.   Sentencing Hearing

At sentencing, the Court found that Defendant committed the substantive Hobbs Act Robbery by use of physical force.  The Court stated:

> The crime that you are being sentenced for today is a serious crime.  Robbery, confrontation to people to take their property, using a weapon, and then having a weapon as a threatening factor.  And then to actually have one of the people involved in it – the description

12

involves that one of the perpetrators pulled TY by her
hair and moved her several feet in order to move her
closer to the cash area and then removed the wallet
from the shirt pocket but later dropped it by the bar.
Ripped the cash register away from the bar's counter
and left the scene.

The further description is that LK was taken to a
nearby hospital for treatment for her injuries
sustained when she was struck by one of the
perpetrators in the face with the shotgun.   The
attending physician completed the [Hawaii Police
Department] physician's report and requested – and
there was a discussion about whether or not it was
bodily injury or serious bodily injury.   And the
attending physician rated her injuries as substantial
bodily injury, because she suffered a nasal and sinus
fracture.

(Transcript from Sentencing dated May 11, 2010, at pp. 11-

12, ECF No. 133).

Defendant was convicted in Count 2 of the Superseding

Indictment based on a finding that Defendant had committed an

underlying Hobbs Act Robbery offense by use of force.   18 U.S.C.

§ 924(c)(3)(A).

### 4.   The Hobbs Act Robbery Was Committed By Use of Physical Force And Constituted a Crime of Violence

Defendant's Hobbs Act Robbery constituted a crime of

violence pursuant to the **Element Clause of a Crime of Violence**.

In United States v. Mendez, the Ninth Circuit Court of

Appeals held that a Hobbs Act Robbery "indisputably qualifies as

a crime of violence" pursuant to 18 U.S.C. § 924(c)(3)(B).

United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993).

13

The Ninth Circuit Court of Appeals recently reaffirmed
Mendez following the United States Supreme Court's decisions in
Johnson and Descamps and held that a Hobbs Act Robbery is a crime
of violence pursuant to 18 U.S.C. § 924(c)(3)(A) if it has an
element the use, attempted use, or threatened use of physical
force against the person or property of another.  United States
v. Howard, __Fed. Appx. ___, 2016 WL 2961978, *1 (9th Cir. May
23, 2016).

Defendant argues that he was convicted of "Conspiracy to
Commit a Hobbs Act Robbery" in Count 1 and was not convicted of a
substantive Hobbs Act Robbery.

Defendant's conviction in Count 2 for committing a crime of
violence was not dependent on whether Defendant was actually
convicted of a substantive Hobbs Act Robbery in Count 1.
Defendant need only have been found to have committed the crime
of violence.

The Ninth Circuit Court of Appeals has explained that "a
defendant charged with violating section 924(c)(1) must be proved
to have committed the underlying crime, but nothing in the
statute or the legislative history suggests he must be separately
charged with and convicted of the underlying offense."  United
States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (per
curiam).  In Hunter, the defendant's admission that he trafficked
drugs was sufficient to establish guilt of a drug trafficking

14

offense as an element of the offense under section 924(c)(1).
Id.

Recently, the Ninth Circuit Court of Appeals found in Luong
that the defendants were properly found guilty of a crime of
violence involving a firearm and sentenced to life imprisonment,
even though they were not charged with the offense of first-
degree murder upon which their crime of violence charges were
predicated.  United States v. Luong, 610 Fed. Appx. 598, 600 (9th
Cir. 2015).  The appellate court explained, "[n]otwithstanding
the fact that Count 1 did not charge first-degree murder, the
jury was required to find, to support the § 924(c) convictions,
that Defendants had committed that underlying offense.  The
government need only prove the commission of the underlying
felony; it need not also charge the defendant accordingly."  Id.

Here, Defendant McShane was found to have committed the
substantive Hobbs Act Robbery by use of physical force and was
convicted and sentenced pursuant the **Element Clause of a Crime of
Violence** in 18 U.S.C. § 924(c)(3)(A).  Howard, 2016 WL 2961978,
at *1; Hunter, 887 F.2d at 1002.

## C.    The Decision in Johnson v. United States Does Not Apply to Defendant McShane

A Supreme Court decision that recognizes a new right that is
retroactively applicable to cases on collateral review provides

an exception to the one-year deadline for filing a Section 2255

Motion.   28 U.S.C. § 2255(f); <u>Dodd v. United States</u>, 545 U.S.

353, 358 (2005).

Defendant argues that his Section 2255 Motion is timely

because it was filed within a year of the United States Supreme

Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551

(2015).

The <u>Johnson</u> decision has been found to apply retroactively

to cases on collateral review.   <u>Welch v. United States</u>, 136

S.Ct. 1257, 1268 (2016).   Defendant has not, however,

demonstrated that the holding in <u>Johnson</u> applies to his case.

The holding in <u>Johnson</u> prohibits enhancing sentences of

individuals pursuant to **the Residual Clause of the Armed Career**

**Criminal Act** of 1984.   <u>Johnson</u>, 135 S.Ct. at 2557-58.   Defendant

was not sentenced pursuant to the Armed Career Criminal Act.

Defendant was sentenced pursuant to the **Element Clause of a Crime**

**of Violence**.

<u>Johnson</u> invalidated the **Residual Clause of the Armed Career**

**Criminal Act** that defined "violent felony" as any felony that

"involves conduct that presents a serious potential risk of

physical injury to another."   18 U.S.C. § 924(e)(2)(B)(ii).

The United States Supreme Court held in <u>Johnson</u> that the

**Residual Clause of the Armed Career Criminal Act** was

unconstitutional pursuant to the void-for-vagueness doctrine that

16

is mandated by the Due Process Clause of the Fifth Amendment to the United States Constitution.  <u>Welch</u>, 136 S.Ct. at 1261.  The void-for-vagueness doctrine prohibits the government from imposing sanctions under a criminal law that is so vague that it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary enforcement.  <u>Id.</u> at 1261-62.

Defendant McShane was not sentenced pursuant to an unconstitutionally vague criminal statute as was the defendant in <u>Johnson</u>.  Defendant McShane was sentenced pursuant to 18 U.S.C. § 924(c)(3)(A) for using a firearm during and in relation to a crime of violence that had an element of the use of actual or threatened physical force.

Neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has extended the holding in <u>Johnson</u> to find that it applies to 18 U.S.C. § 924(c).  The reasoning in <u>Johnson</u> as to the void-for-vagueness doctrine does not apply to the **Element Clause of a Crime of Violence**.

### D. Defendant's Arguments Based on <u>Descamps v. United States</u> are Unpersuasive

Defendant relies on the United States Supreme Court decision in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013) to assert that Hobbs Act Robbery is not a categorical crime of violence. Defendant claims that the Hobbs Act Robbery statute can include

17

intimidation instead of actual physical force and is therefore broader than the federal definition of crime of violence in 18 U.S.C. § 924(c)(3)(A).

Defendant's arguments were rejected by the Ninth Circuit Court of Appeals in an unpublished decision issued on May 23, 2016 in United States v. Howard, 2016 WL 2961978, *2 (9th Cir. May 23, 2016).  In Howard, the Ninth Circuit Court of Appeals held that a Hobbs Act Robbery is a categorical match to the definition of crime of violence.  Id.  The appellate court held that the Hobbs Act Robbery committed by intimidation is not overly broad and qualifies as a crime of violence pursuant to the **Element Clause of a Crime of Violence** because it places a person in fear of physical injury.  Id.; see also United States v. Wright, 2015 WL 9958034, *2 (D. Nev. Dec. 24, 2015), 2016 WL 438957 (D. Nev. Feb. 3, 2016).

Defendant has not demonstrated that the holding in Descamps is even applicable to him on collateral review.  The Ninth Circuit Court of Appeals has held that Descamps does not provide a basis to extend the one-year time limitation on filing a Section 2255 Motion.  United States v. Berkely, 623 Fed. Appx. 346 (9th Cir. 2015); Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015).

Defendant argues that the interplay between Johnson and Descamps should allow him an exception to the one-year bar set

18

forth in 28 U.S.C. § 2255(f), citing <u>Mays v. United States</u>, 2016
WL 1211420, *1 (11th Cir. 2016). (Reply at pp. 8-11, ECF No.
132). Defendant has not established a high probability of
success on this argument. <u>See</u> <u>United States v. Costa</u>, Cr. No.
04-00055 (Minute Order Denying Motion to Reconsider, ECF No. 42);
<u>United States v. Carter</u>, Cr. No. 07-00150JMS, 2016 WL 2992054, *7
(D. Haw. May 23, 2016) (declining to grant bail to a defendant
sentenced pursuant to the enumerated offenses clause of the Armed
Career Criminal Act because he had not established a high
probability of success that his Section 2255 Motion was timely).

The holding in <u>Johnson</u> has been limited to individuals
sentenced pursuant to the **Residual Clause of the Armed Career
Criminal Act**. Defendant was not sentenced pursuant to the Armed
Career Criminal Act and the holdings in <u>Johnson</u> and <u>Descamps</u> do
not apply to him.

Defendant has not demonstrated a high probability of success
on the merits of his Section 2255 Motion.

## IV. Defendant Has Not Demonstrated Extraordinary or Exceptional Circumstances Exist

Special or extraordinary circumstances are required to
support Defendant's release on bail pending resolution of his
Section 2255 Motion.

Defendant argues that extraordinary circumstances apply

19

because he may have already served the sentence that he would be given, if granted habeas relief. <u>Cohn v. Arizona</u>, 2015 WL 4607680, at *2 (D. Ariz. July 31, 2015) (citing <u>Deeds</u>, 878 F.2d at 318; <u>Salerno v. United States</u>, 878 F.2d 317 (9th Cir. 1987); <u>Landano</u>, 970 F.2d at 1239).

Unlike other cases involving the Armed Career Criminal Act, Defendant is not subject to such a low statutory maximum sentence. Defendant is unable to demonstrate that he may have already served the full term of his sentence if granted relief.

Unlike the defendants in other <u>Johnson</u> cases who were subject to a ten-year statutory maximum, the statutory maximum for Defendant's conviction as to Count 1 is **20 years**, pursuant to 18 U.S.C. § 1951, and the statutory maximum for Defendant's Conviction as to Count 2 is **life imprisonment**, with a mandatory minimum term of 10 years, pursuant to 18 U.S.C. § 924(c)(1)(B)(i). (<u>See</u> Def.'s Presentence Report at p. 18, ECF No. 111).

In addition, Defendant has not demonstrated that he is a good candidate for bail. <u>United States v. Leach</u>, Cr. No. 05-00531JMS, 2016 WL 2977236, *2 (D. Haw. May 20, 2016). The Court found at Defendant's May 10, 2011 sentencing that Defendant had a criminal history category of V, that "some of the incidents that [were] involved [in Defendant's criminal history] also involve[d] violence," and Defendant's "conviction for harassment and the

20

alleged assault on [his] father-in-law immediately prior to this offense suggest[ed] that [Defendant has] a propensity for violence." (Transcript of Sentencing dated May 10, 2011 at p. 12, ECF No. 133).

Defendant has not demonstrated a basis for granting bail pending a decision on his motion for habeas relief.

## <u>CONCLUSION</u>

Defendant's Motion for Release on Bail (ECF No. 126) is **DENIED.**

IT IS SO ORDERED.


DATED:   Honolulu, Hawaii, June 27, 2016.



_____
Helen Gillmor
United States District Judge