IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRONSON MCSHANE, | ) | Crim. No. 08-00736 HG-01 |
| | ) | Civ. No. 16-00206 HG-RLP |
| Petitioner, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITIONER BRONSON MCSHANE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 125) AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Bronson McShane filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that his sentence for Using a Firearm During And In Relation To A Crime Of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(B)(i) is unconstitutional.

Petitioner's Section 2255 Motion (ECF No. 125) is **DENIED**.

A Certificate of Appealability is **DENIED**.

**BACKGROUND**

On April 8, 2009, a grand jury returned a Superseding Indictment charging Petitioner Bronson McShane as follows:

**Count 1** for conspiracy to commit a Hobbs Act Robbery and

1

commission of a Hobbs Act Robbery, in violation of 18 U.S.C. §§ 2, 1951. As to Count 1, the Superseding Indictment stated:

> [T]he defendants did conspire to obtain **and did obtain** property belonging to Leilani Lounge consisting of United States currency and a cash register, from the person and in the presence of T.Y., who was the owner of Leilani Lounge, which was engaged in interstate commerce, against T.Y.'s will by means of actual and threatened force, violence, and fear of injury, immediate and future, on T.Y.
>
> (Superseding Indictment on p. 2, ECF No. 24) (emphasis added).

**Count 2** for use of a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §§ 2, 924(c)(1)(B)(i). As to Count 2, the Superseding Indictment stated:

> On or about November 10, 2008, in the District of Hawaii, the defendant, BRONSON MCSHANE and his unindicted co-defendant knowingly used, carried, and brandished a firearm, to wit: a short-barreled shotgun, during and in relation to a crime of violence, to wit: a Hobbs Act Robbery as charged in Count 1 of this Indictment.
>
> (Superseding Indictment on pp. 2-3, ECF No. 24).

On June 18, 2009, Petitioner McShane pled guilty before a Magistrate Judge to Counts 1 and 2 of the Superseding Indictment. (ECF No. 46). There was no plea agreement.

The Government recited the facts to the crime at the change of plea hearing as follows:

> AUSA CHING: Specifically, with regard to the facts, the government would prove beyond a reasonable doubt that on or about November 10th,

2

2008, at about 1:23 in the morning, the defendant -- co-defendant Aaron Malama, an unindicted co-defendant, robbed the Leilani Lounge, a commercial liquor establishment within the District of Hawaii...Defendant [McShane] wore a white mask and was armed with a knife. The unindicted co-defendant was wearing a dark colored mask and was armed with a short-barreled shotgun.

There was only one patron in the bar at the time and when Mr. McShane and the unindicted -- when, excuse me, Mr. McShane and the unindicted co-defendant entered the bar, Mr. McShane pushed the patron to the ground and the patron immediately complied. Mr. McShane then directed his attention to a -- the owner of the bar and he dragged the owner by the hair moving her several feet to get her closer to the cash register.

When the keys were not produced, the unindicted co-defendant ripped the cash register from the counter area and both Mr. McShane and the unindicted co-defendant ran out of the bar with the cash register which contained U.S. currency.

There was also a friend of the owner's who was in the bar at the time -- or excuse me, in the lounge at the time visiting the owner when Mr. McShane and the unindicted co-defendant entered the bar. The unindicted co-defendant pointed the short-barreled shotgun at the owner's friend and demanded the keys for the cash register. When the owner's friend told the unindicted co-defendant that she didn't work there and didn't have the keys, the unindicted co-defendant then struck her in the face with the short-barreled shotgun, causing her pain and causing her to bleed from the nose. This injury was later diagnosed as a fracture.

The owner, the owner's friend and the patron were all scared at the time and threatened by both the defendant's and the unindicted co-defendant's actions. The owner did not give them permission to take the cash register or the cash from Leilani Lounge...

Mr. McShane knew that the unindicted

3

co-defendant was armed with a sawed off or
short-barreled shotgun and that would -- that it
would be used as part of the robbery and that in
fact this firearm was used to hit the owner's
friend.

(Hearing Transcript from Change of Plea Hearing at
pp. 12-14, ECF No. 130).

Petitioner McShane testified at his change of plea hearing and agreed to the Government's recitation of the facts. Defendant stated the events in his own words, as follows:

> THE COURT: Okay. Mr. McShane, as to your
> involvement in this matter are these facts all
> true and correct in every respect?
>
> PETITIONER MCSHANE: Yes.
>
> THE COURT: Would you tell me briefly in your own
> words what you did?
>
> PETITIONER MCSHANE: We pulled up to Leilani Lounge
> late, right before the bar closed. Hopped out of
> the car, walk in. I did put one guy to the
> ground. He complied, stayed there. Grabbed the
> other lady by her hair, held her down because she
> was resisting. I didn't want to hurt her. Didn't
> mean to hurt her. Just was on drugs and just high
> and we ended up robbing the place, grabbing the
> cash register and running out...
>
> THE COURT: And the gun that Mr. Ching described,
> that was used in the course of this as well.
>
> PETITIONER MCSHANE: Yes, it was used and it was
> exactly used to hit the lady on top the nose to –
> by my unindicted co-defendant...Prior to the
> robbery I knew the firearm – we hop – I hopped out
> with a machete knife and he hopped out with a
> firearm.

(Hearing Transcript from Change of Plea Hearing at
pp. 15-16, ECF No. 130).

4

On May 11, 2010, the Court held a sentencing hearing as to Petitioner McShane.  (ECF No. 109).

Petitioner was sentenced to 33 months imprisonment as to **Count 1** and 120 months imprisonment as to **Count 2** to be served consecutively.  (Judgment, ECF No. 110).

Petitioner did not appeal his conviction or his sentence.

More than five years later, on June 26, 2015, the United States Supreme Court issued its opinion in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).  The holding in <u>Johnson</u> invalidated **the Residual Clause of the Armed Career Criminal Act** of 1984, 18 U.S.C. § 924(e), finding it unconstitutionally vague. 135 S.Ct. at 2557-58.

On April 29, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  (ECF No. 125).

Petitioner also filed a Motion for Release on Bail pending the resolution of his Section 2255 Motion.  (ECF No. 126).

On the same date, Petitioner filed a MEMORANDUM IN SUPPORT OF §2255 MOTION AND MOTION FOR RELEASE ON BAIL.  (ECF No. 127).

On June 15, 2016, the Court held a hearing on Petitioner's Motion for Release on Bail.  (ECF No. 137).

On June 27, 2016, the Court issued an ORDER DENYING DEFENDANT BRONSON MCSHANE'S MOTION FOR RELEASE ON BAIL.  (ECF No. 140).

On July 8, 2016, the Court issued an ORDER RE: HOLDING MERITS REVIEW ON GUIDELINE AND SECTION 924(c) *UNITED STATES V. JOHNSON* CLAIMS IN ABEYANCE PENDING A DECISION IN *BECKLES V. UNITED STATES*. (ECF No. 143).

On March 6, 2017, the United States Supreme Court issued its decision in Beckles v. United States, 137 S.Ct. 886 (2017).

On April 11, 2017, Petitioner filed SUPPLEMENTAL MEMORANDUM in support of his Section 2255 Motion. (ECF No. 157).

On July 31, 2017, the Government filed UNITED STATES' RESPONSE TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 169).

## **ANALYSIS**

### I.  **Petitioner's Section 2255 Motion Is Untimely**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255,[1] provides a one-year limitation period for filing a petition for habeas corpus relief ("Section 2255 Motion"). The limitation period for a Section 2255 Motion runs from the date on which a judgment of conviction becomes final, unless an alternative start date is established by a condition set forth in the statute. 28 U.S.C. § 2255(f).

---

[1] The AEDPA is codified as 28 U.S.C. §§ 2241 through 2255 and 28 U.S.C. §§ 2261 through 2266. Habeas relief sought by federal prisoners is governed by 28 U.S.C. § 2255.

**A.  Petitioner's Conviction Became Final on June 16, 2010**

On June 2, 2010, Judgment was entered against Petitioner. (ECF No. 110).  Petitioner did not file an appeal.  On June 16, 2010, fourteen days after Judgment was entered, Petitioner's conviction became final.  Fed. R. App. P. 4(b); Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

Absent some alternative start date, Petitioner's time for filing a Section 2255 Motion expired on or about June 16, 2011. Petitioner filed his Section 2255 Motion on April 29, 2016, nearly five years after the date when his judgment became final.

**B.  The Decision in Johnson v. United States Does Not Apply to Petitioner McShane**

A United States Supreme Court decision that recognizes a new right that is retroactively applicable to cases on collateral review provides an exception to the one-year deadline for filing a Section 2255 Motion.  28 U.S.C. § 2255(f); Dodd v. United States, 545 U.S. 353, 358 (2005).

Petitioner argues that his Section 2255 Motion is timely because it was filed within a year of the United States Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

The Johnson decision has been found to apply retroactively

7

to cases on collateral review.  Welch v. United States, 136 S.Ct. 1257, 1268 (2016).

Petitioner has not, however, demonstrated that the holding in Johnson applies to his case.  The holding in Johnson prohibits enhancing sentences of individuals pursuant to the Residual Clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B).  Johnson, 135 S.Ct. at 2557-58.

Petitioner was not sentenced pursuant to the Armed Career Criminal Act in 18 U.S.C. § 924(e)(2)(B).  Petitioner was sentenced pursuant to the Element Clause of a Crime of Violence in 18 U.S.C. § 924(c)(3)(A).

Johnson invalidated the Residual Clause of the Armed Career Criminal Act that defined "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

The United States Supreme Court held in Johnson that the Residual Clause of the Armed Career Criminal Act was unconstitutional pursuant to the void-for-vagueness doctrine that is mandated by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Welch, 136 S.Ct. at 1261.  The void-for-vagueness doctrine prohibits the government from imposing sanctions under a criminal law that is so vague that it fails to give ordinary people fair notice of the conduct it punishes or is so standardless that it invites arbitrary

8

enforcement.  Id. at 1261-62.

Petitioner McShane was not sentenced pursuant to an unconstitutionally vague criminal statute as was the defendant in Johnson.  Petitioner McShane was sentenced pursuant to 18 U.S.C. § 924(c)(3)(A) for using a firearm during and in relation to a crime of violence that had an element of the use of actual or threatened physical force.

Petitioner argues that the reasoning in Johnson should be extended to apply to 18 U.S.C. § 924(c)(3).  Petitioner relies on the Ninth Circuit Court of Appeals decision in Dimaya v. Lynch, 803 F.3d 1110, 1117-19 (9th Cir. 2015) (cert. granted in Lynch v. Dimaya, 137 S.Ct. 31 (Sept. 29, 2016)), which involved the residual clause of the Immigration and Nationality Act's definition of "aggravated felony."

Petitioner's reliance on Dimaya is unpersuasive.  Dimaya is not comparable to this case.  Dimaya involved the review of underlying California state convictions and their applicability as "aggravated felonies" in the immigration removal context.

Neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has extended the holding in Johnson to find that it applies to 18 U.S.C. § 924(c)(3)(A).  The reasoning in Johnson as to the void-for-vagueness doctrine does not apply to the Element Clause of a Crime of Violence.

Petitioner's Section 2255 Motion (ECF No. 125) is untimely.

9

The holding in Johnson does not apply to Petitioner and does not provide an exception to the one-year filing deadline applicable in this case.

**II. Petitioner's Section 2255 Is Without Merit**

Even if Petitioner's Section 2255 Motion was timely, there is no merit to Petitioner's argument that his sentence for Using a Firearm During And In Relation To A Crime Of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(B)(i) is unconstitutional.

> **A. The Statute Under Which Petitioner Was Convicted Is Not Unconstitutionally Vague**

A "crime of violence" for purposes of the statute under which Petitioner was convicted is defined as follows:

> [T]he term "crime of violence" means an offense that is a felony and–
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> 18 U.S.C. § 924(c)(3).

Petitioner was convicted pursuant to subsection (A) of 18 U.S.C. § 924(c)(3), the Element Clause of a Crime of Violence. The Element Clause of a Crime of Violence is not unconstitutionally vague.

The Court found that Petitioner committed a crime of violence when he committed a Hobbs Act Robbery by use of physical force. The Superseding Indictment, the transcript of Defendant's Change of Plea Hearing, and the Court's findings at the Sentencing Hearing demonstrate that Defendant was convicted pursuant to the Element Clause of a Crime of Violence.

1. **Superseding Indictment**

A Hobbs Act Robbery is defined by statute as:

[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Petitioner was charged in Count 1 of the Superseding Indictment for conspiracy to commit and substantively committing a Hobbs Act Robbery in violation of 18 U.S.C. §§ 2, 1951.[2] (Superseding Indictment at pp. 2-3, ECF No. 24).

---

[2] Count 1 of the Superseding Indictment contained two separate offenses - conspiracy and the substantive Hobbs Act Robbery. The Superseding Indictment appears to be duplicitous. An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count. United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir. 1988). Where, as here, the defendant did not object to the indictment's duplicity prior to his change of plea, the objection is waived. See id.; United States v. Loew, 364 Fed. Appx. 333, 335 (9th Cir. 2010).

The Superseding Indictment charged Petitioner with committing the Hobbs Act Robbery by use of actual and threatened force. The Superseding Indictment in Count 1 stated that Defendant "did conspire to obtain **and did obtain** property belonging to Leilani Lounge...against T.Y's will by means of **actual and threatened force, violence, and fear of injury, immediate and future, on T.Y.**" (Id. at p. 2) (emphasis added).

### 2. Change of Plea Hearing

The transcript from Petitioner's Change of Plea Hearing reflected that Petitioner admitted to committing a substantive Hobbs Act Robbery by use of physical force. Petitioner testified that he entered a bar wearing a mask and carrying a machete and that he used force to put a bar patron on the ground. (Hearing Transcript from Change of Plea Hearing at pp. 15-16, ECF No. 130).

Petitioner testified as to his actions, stating that he "[g]rabbed the other lady by her hair, held her down because she was resisting...we ended up robbing the place, grabbing the cash register and running out." (Id.) Petitioner also testified that he knew his co-defendant had brought a small-barreled shotgun to use to commit the robbery and acknowledged that "[the gun] was used and it was exactly used to hit the lady on top the nose." (Id.)

### 3. Sentencing Hearing

At sentencing, the Court found that Petitioner committed the substantive Hobbs Act Robbery by use of physical force. The Court stated:

> The crime that you are being sentenced for today is a serious crime. Robbery, confrontation to people to take their property, using a weapon, and then having a weapon as a threatening factor. And then to actually have one of the people involved in it – the description involves that one of the perpetrators pulled TY by her hair and moved her several feet in order to move her closer to the cash area and then removed the wallet from the shirt pocket but later dropped it by the bar. Ripped the cash register away from the bar's counter and left the scene.
>
> The further description is that LK was taken to a nearby hospital for treatment for her injuries sustained when she was struck by one of the perpetrators in the face with the shotgun. The attending physician completed the [Hawaii Police Department] physician's report and requested – and there was a discussion about whether or not it was bodily injury or serious bodily injury. And the attending physician rated her injuries as substantial bodily injury, because she suffered a nasal and sinus fracture.

(Transcript from Sentencing dated May 11, 2010, at pp. 11-12, ECF No. 133).

Petitioner was convicted in Count 2 of the Superseding Indictment based on a finding that he had committed an underlying Hobbs Act Robbery offense by use of force. 18 U.S.C. § 924(c)(3)(A). The statute is not unconstitutionally vague. There is no merit to Petitioner's Section 2255 Motion.

13

**B. Hobbs Act Robbery Is A Crime Of Violence**

Petitioner's Hobbs Act Robbery constituted a crime of violence pursuant to the Element Clause of a Crime of Violence.

In <u>United States v. Howard</u>, 650 Fed. Appx. 466, 468, (9th Cir. May 23, 2016), the Ninth Circuit Court of Appeals held that a Hobbs Act Robbery is a categorical match to the definition of crime of violence.[3] <u>Id.</u> The appellate court held that the Hobbs Act Robbery committed by intimidation is not overly broad and qualifies as a crime of violence pursuant to the Element Clause

---

[3] The Third Circuit Court of Appeals has explained that the modified categorical approach is the more appropriate method to analyze a firearms conviction committed contemporaneously with a Hobbs Act robbery:

> Because determination of whether a particular crime qualifies as a "crime of violence" under § 924(c) depends upon both the predicate offense, here Hobbs Act robbery, and the contemporaneous conviction under § 924(c), the § 924(c) conviction will shed light on the means by which the predicate offense was committed. Looking at a contemporaneous conviction allows a court to determine the basis for a defendant's predicate conviction. The defendant suffers no prejudice because the relevant indictment and jury instructions are before the court.
>
> We conclude that analyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the "use, attempted use, or threatened use of physical force against the person or property of another."

<u>United States v. Robinson</u>, 844 F.3d 137, 143 (3rd Cir. 2016), petition for cert. filed July 6, 2017.

of a Crime of Violence because it places a person in fear of physical injury. Id.; see United States v. Major, 2017 WL 3593374, *4 (E.D. Cal. Aug. 21, 2017) (denying a Section 2255 Motion and finding a Hobbs Act Robbery is categorically a crime of violence); United States v. Casas, 2017 WL 1008109, *4 (S.D. Cal. Mar. 14, 2017) (denying a Section 2255 on the basis that a Hobbs Act robbery is categorically a crime of violence under the force clause).

The Second, Eighth, and Eleventh Circuit courts agree. See In re Saint Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016) (holding that Hobbs Act robbery "clearly qualifies as a 'crime of violence' under" the elements clause in Section 924(c)(3)(A)); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016); United States v. Hill, 832 F.3d 135, 142–44 (2d Cir. 2016).

The Howard decision reaffirmed prior Ninth Circuit Court of Appeals precedent finding that a Hobbs Act Robbery "indisputably qualifies as a crime of violence." United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993); see also United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990).

At the May 11, 2010 sentencing, the Court found that Petitioner substantively committed a Hobbs Act Robbery, which constituted a crime of violence for purposes of Petitioner's conviction in Count 2. See United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam); United States v. Luong,

610 Fed. Appx. 598, 600 (9th Cir. 2015) (the defendants were properly found guilty of a crime of violence involving a firearm and sentenced to life imprisonment, even though they were not charged with the offense of first-degree murder upon which their crime of violence charges were predicated).

Petitioner's Section 2255 Motion (ECF No. 125) is **DENIED.**

**III. Petitioner Is Not Entitled To A Certificate Of Appealability**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Petitioner McShane's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law. Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

## **CONCLUSION**

PETITIONER BRONSON MCSHANE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 125) is **DENIED.**

A Certificate of Appealability is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2017.



_____
Helen Gillmor
United States District Judge

Bronson McShane v. United States of America, Criminal No. 08-00736 HG-01, Civil No. 16-00206 HG-RLP; **ORDER DENYING PETITIONER BRONSON MCSHANE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 125) AND DENYING A CERTIFICATE OF APPEALABILITY**

17